By the Court.
Mason, J
The original justice of the plaintiff’s demand against Thomas H. Smith & Son is not disputed ; nor is it pretended that any portion of either principal or interest has ever been paid upon it. The only question discussed before us was, whether the claim is or is not barred by the statute of limitations.
It was contended by the plaintiffs that the testator had created a trust for the payment of his debts, and that the statute of limitations therefore did not apply. The will contained the usual direction that all his just debts should be paid, but we are not aware that such a direction has ever been held to create a trust. It is only where the testator has ordered his real estate to be sold, or has devised it to be sold for the payment of his debts, that a trust is created, which is not affected by the statute of limitations. We have not been able to find any such devise or order in the will before us, or any clause or expression from which an appropriation of the real estate for the payment of debts, can be inferred. The idea that it might become necessary to resort to it for that purpose, does not appear to have entered into the testator’s thoughts. He evidently considered his personal estate to be much more than sufficient for the discharge of all his pecuniary obligations, for he directs that all the debts and incumbrances upon his real estate shall be paid ■ out of his personal estate, and gives a legacy of $30,000 to each of his children, and also the sum of $280,000 to be invested by his executors for their benefit, and then directs that if the personal estate should not suffice, after payment of all his debts, for these large sums thus given to his *438 children or set -apart for their benefit, his executors should sell such part of his real estate as would enable them to make up and provide, not for his debts, but for the personal sums thus given to his children. He thus had distinctly in view, at the time of penning or dictating this clause, the existence of debts, and the necessity of their payment, as well as the amount of the legacies, and his direction to sell a portion of the real estate for the payment of legacies, and not of debts, is conclusive to show that he considered the personal estate to be sufficiently large to pay all the debts, and that therefore a provision for them out of the real estate was wholly unnecessary.
There was no trust then created by this will which would prevent the statute of limitations from running against this demand.
The plaintiffs next insisted, that, admitting the statute of limitations to be applicable to the claim, George W. Bruen, the executor, had made a sufficient acknowledgment of it to remove the bar of the statute, and, in support of that position, read his answer verified in June, 1842, to a bill in chancery, filed against him by one James Iddings. The plaintiff in that case was a receiver appointed by the court of chancery in a creditor’s suit, brought by Joseph Cowperthwaite, upon a judgment recovered by him against George W. Bruen for the sum of $36,000, or thereabouts; and the bill set forth the will of Thomas H. Smith and the various relations which George W. Bruen held towards his estate as surviving partner, executor, and devisee. It also charged, that all or nearly all of the debts and liabilities of the firm of Thomas H. Smith & Son had been compromised or paid and discharged, and that upon a settlement of the estate of Thomas H. Smith, there would be found a large balance belonging to Bruen individually, as one of the partners of Thomas H. Smith & Son, and also in right of his wife as devisee or heir of her father, and prayed for an account by him of the private estate of which he was executor, as well as of the partnership property.
In his answer to this bill, George W. Bruen admitted that a large amount of the debts and liabilities of the firm of Thomas *439 H. Smith & Son had been compromised or paid, but insisted that there was still a considerable amount of debts and ..claims outstanding against them, several of which he specifies, and among them a debt due by the firm to Thomas Bloodgood, amounting to $20,000 and upwards, including interest, and that all these specified debts amounting in the whole to about $57,000, 'including interest, were, exclusive of certain judgments amounting to more than $800,000, recovered against them by the United States. He therefore denied that there was a large sum belonging to the firm of Thomas H. Smith & Son, in which he had an individual interest. He also denied that he had any interest in right of his wife in any surplus of the estate of Thomas H.'Smith, after payment of the debts and liabilities existing against it, because he believed that such debts and liabilities would, if they were all. paid, absorb the whole property of himself and wife, or either of them, in right of his said wife, as one of the heirs of Thomas H. Smith or otherwise. He then set forth two debts due from the individual estate of Thomas H. Smith, amounting, with interest, to $75,000, and said that those debts, being added to the before-mentioned debts of $57,000 against the estate of Thomas H. Smith & Son, made an aggregate liability against the estate of Thomas H. Smith, of $132,000 or thereabouts, exclusive of the judgments in favor of the United States for $800,000.
It was admitted that there was no other debt due from Thomas H. Smith & Son to Thomas Bloodgood than the 'debt mentioned in the pleadings in this cause. ' Here, then', was an acknowledgment in the year 1842j by Bruen, not only in his capacity of surviving partner of Thomas H. Smith & Son, but as executor of Thomas H. Smith, that the plaintiff’s debt, with the interest upon it, was a subsisting and valid claim against the estate of his testator, entitled to priority over the claims of the legatees and devisees under the will, he himself, in right of,his wife, being one of such legatees and devisees. The acknowledgment, considering the circumstances under which it was made, implied not only his obligation, but his willingness to pay, if he had sufficient funds of the estate in *440 his hands for that purpose. The interposition of the statute against the payment of this debt would have been entirely inconsistent with the defence set up against the claim of the receiver. The answer was, to use the language of Mr. Justice Bronson, in Van Keuren v. Parmelee, (2 Comst. 531,) a plain admission that the debt was due, and that the party was willing to pay it, for it was an absolute denial of any interest in the estate until after the debt should have been paid.
It was objected, however, that the acknowledgment was made, not to Bloodgood himself, nor to any one in his behalf, but to a third person. But it has been repeatedly decided,' both in this state and in England, that it is not necessary that the acknowledgment of a debt should, in order to take it out of the statute, be made to the creditor or his agent; it is sufficient if made to a stranger. In Walden v. Lawrence, (9 Wend.. 297,) the court, in answer to this objection, said that the statute .of limitations does not, like an insolvent’s discharge, impair the contract, but only operates upon the remedy by affording a presumption of payment, and hence the acknowledgment of the existence of the debt revives the debt by removing the presumption; and upon this ground it is obviously unimportant to whom the acknowledgment is made; and so, the court adds, are the authorities. The same point was lately decided by the supreme court in the third district in Carshore v. Huyck, 6 Barb. S. C. R. 583;) see also Whitney v. Bigelow, (4 Pick. 110,) Mountstephen v. Brooke, (3 Barn, and Ald. 141,) Clarke v. Houghton, (2 Barn, and Cres. 149.)
The defendant’s counsel further contended, that whatever might be the effect of the acknowledgment by the executor upon the personal estate, it could not bind the testator’s real estate, and cited the case of Mooers v. White, (6 J. C. R. 373,) in support of his position. Chancellor Kent in that case held that an admission or acknowledgment by the executor ought not to bind the real assets in the hands of the heir or devisee, inasmuch as the executor does not represent the heir, and has no control over the real estate. In the present instance, however, the executor who made the acknowledgment was also devisee *441 in trust of the whole estate, and had the entire management of it in his hands, and the whole control over its disposition. Admitting, then, the authority of Moers v. White, in ordinary cases, where the executor has no duties to perform or power to exercise with regard to the realty, it has no application to a case in which the real estate is placed as entirely under the control of the executor as the personal. The same principle which renders his acknowledgment as executor binding on the personal estate, gives to it an equal power over the real estate.
But this question does not necessarily arise at present in this suit. The plaintiff, on the hearing, did not ask any relief against the real estate of the testator. It appears from a statement of the decree in the case of Iddings v. Bruen, which is in evidence, that provision has been made in that decree for the payment out of the estate of all the debts of Thomas H. Smith and Thomas H. Smith & Son. All that is necessary, therefore, in the present suit, is to declare that the note given by Thomas H. Smith & Son to the plaintiff’s testator, and set forth in the bill, is a valid and subsisting claim against the estate of Thomas H. Smith, to be paid with the interest accrued thereon, in a due •course of administration. The plaintiff is entitled to a decree declaring the amount due for principal and interest on the note, (which may be ascertained and shown to the court upon affidavit,) to be a valid and subsisting claim against the estate of Thomas H.’Smith, to be paid in a due course of administration.
The plaintiff is álso entitled to recover his costs, to be paid at the same time with the debt.